UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| FARON DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-cv-2004-MMM |
| | ) | |
| UNIVERSITY OF ILLINOIS POLICE DEPARTMENT, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Stateville Correctional Center, asserts claims for unlawful arrest against the University of Illinois Police Department.

A. Motion to Request Counsel

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

Plaintiff has not made a showing of a reasonable attempt to secure counsel, nor has he shown that he has been precluded from making such an attempt. Plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. Plaintiff merely provides a list of attorneys that he says he has "tried to

obtain in these matters." There is no indication that Plaintiff provided these lawyers with the specifics of his claim, nor does he indicate the responses received. Motion (Doc. 5) denied.

    B. <u>Motion to Proceed in Forma Pauperis</u>

This cause is before the Court for ruling on Plaintiff's Petition to Proceed in Forma Pauperis (Doc. 3).

The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has, on three or more prior occasions, brought an action that was dismissed because it failed to state a claim upon which relief could be granted. C.D. Ill. Case Nos. 15-2262, 18-2273, and S.D. Ill. Case No. 22-0099. Therefore, Plaintiff may only proceed *in forma pauperis* if he alleges that he is under imminent danger of serious physical injury.

The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat … is real and proximate." *Heimnerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The second

prong (*i.e.*, danger) must be of "serious physical injury." 28 U.S.C. § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

Plaintiff's allegations are based on the circumstances surrounding his arrest. He has not alleged that he is under any imminent danger of serious physical injury based on the circumstances of his arrest, nor could he. Because Plaintiff has previously filed at least three meritless lawsuits, he is not entitled to proceed without prepayment of fees. He must pay the filing fee in full if he wishes to proceed in this case. 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Proceed in Forma Pauperis [3] is DENIED. Plaintiff must pay the filing fee in full within 21 days or this case will be dismissed without prejudice.**

2. **Plaintiff's Motion to Request Counsel [5] is DENIED.**

Entered this 3rd day of January, 2024.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE